UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GARY RHINES,
   Petitioner

v.

DAVID J. EBBERT, Warden,
   Respondent

: CIVIL ACTION NO. 3:12-CV-2275
:
: (Judge Nealon)
:
: FILED
: SCRANTON
: OCT 1 0 2013
: PER_____
: DEPUTY CLERK

## MEMORANDUM

On November 15, 2012, Petitioner, Gary Rhines, an inmate currently confined in the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, filed the instant action pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner argues that he is actually innocent of the enhanced sentence he received on his drug conviction. (Doc. 2) (citing Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010); United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)). A response to the petition was filed on May 2, 2013, in which Respondent asserts that the petition should be dismissed as an impermissible second or successive petition under 28 U.S.C. § 2255. (Doc. 8). For the reasons set forth below, the petition will be dismissed.

## Background

On April 22, 2002, a jury in this Court convicted Petitioner of one count of possession with intent to distribute fifty (50) grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). United States v. Rhines, Criminal No. 4:01-CR-310 at (Doc. 98) (M.D. Pa. 2001). On July 1, 2004, Petitioner, who had two prior felony drug offenses, was sentenced to mandatory life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).[1] Id. at (Docs. 186, 231, 244). On August 5,

---

[1] The statute states: "If any person commits a violation of this subparagraph ... after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment...." 21 U.S.C. § 841(b)(1)(A).

2005, the United States Court of Appeals for the Third Circuit affirmed Petitioner's conviction and sentence. Id. at (Doc. 208); United States v. Rhines, 143 F. App. 478 (3d Cir. 2005). On February 21, 2006, the United States Supreme Court denied his petition for writ of certiorari. Rhines v. United States, 546 U.S. 1210 (2006).

On January 29, 2007, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Rhines, Criminal No. 4:01-CR-310 at (Doc. 211). The motion alleged, inter alia, that it was unconstitutional for the sentencing judge to find prior felony drug convictions by a preponderance of evidence. Id. The motion was dismissed on the merits on May 16, 2007. Id. at (Doc. 231). Petitioner's request for a certificate of appealability was thereafter denied by the Third Circuit Court of Appeals. Id. at (Doc. 240).

On July 7, 2010, the Third Circuit Court of Appeals denied Petitioner's application for permission to file a second or successive section 2255 motion. See In re: Gary Rhines, App. No. 10-2438 (3d Cir. filed May 26, 2010).

On July 10, 2012, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that he is entitled to relief from the enhanced penalty of 21 U.S.C. § 841(b)(1)(A)(iii) in light of the United States Supreme Court decision in DePierre v. United States, 131 S. Ct. 2225 (2011). Rhines v. Ebbert, 3:12-cv-1332 (M.D. Pa. filed July 10, 2012). Petitioner alleged that he "is actually innocent of violating § 841(b)(1)(A)(iii) and is being illegally detained on a conviction and mandatory life sentence that is illegal and unconstitutional." Id. at (Doc. 2). On January 11, 2013, this Court dismissed the petition for lack of jurisdiction because Petitioner had already filed a motion pursuant to section 2255 and his request to file a second or successive motion was rejected by the Third Circuit Court of Appeals.

Id. at (Docs. 8-9) (citing 28 U.S.C. § 2244(a); Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)). On January 11, 2013, Petitioner's motion for reconsideration was denied. Id. at (Docs. 13-14).

On November 15, 2012, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging he "is actually innocent of the 21 U.S.C. § 851[2] information qualifying him for an enhanced sentence pursuant to 21 U.S.C. § 841(b)(1)(A)(iii)" based upon the decisions in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010). (Doc. 2). A response to the petition was filed on May 2, 2013. (Doc. 8). Respondent argues that Petitioner's challenge to his sentencing enhancement is governed by 28 U.S.C. § 2255 and that his section 2241 petition is an impermissible second or successive section 2255 motion. Id. (further asserting that Simmons and Carachuri-Rosendo do not support Petitioner's claim).

Since the instant action has been pending, Petitioner, on July 25, 2013, also filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, alleging that his sentence was unconstitutionally enhanced based on the United States Supreme Court decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). Rhines, Criminal No. 4:01-CR-310 at (Doc. 289). On August 13, 2013, that motion was dismissed without prejudice to Petitioner's seeking leave from the United States Court of Appeals for the Third Circuit to file a second or successive 28 U.S.C. § 2255 motion. Id. at (Doc. 291) (citing 28 U.S.C. § 2255(h)).

---

[2]Section 851 describes the proceedings to establish previous convictions for persons convicted under 21 U.S.C. § 841.

**Discussion**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. Davis v. United States, 417 U.S. 333, 343 (1974); O'Kereke v. United States, 307 F.3d 117, 122-23 (3d Cir. 2002). However, a "second or successive motion must be certified as provided in section 2244 [28 U.S.C. § 2244] by a panel of the appropriate court of appeals...." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Where a petitioner fails to obtain prior authorization from the court of appeals, the district court lacks jurisdiction over a second or successive section 2255 motion. See Pelullo v. United States, 487 Fed. Appx. 1, 2 n.2 (3d Cir. 2012).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. See 28 U.S.C. § 2255(e); O'Kereke, 307 F.3d at 120 (explaining that this exception is extremely narrow). "A motion under § 2255 is inadequate or ineffective 'only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claim of wrongful detention.'" Yuzary v. Samuels, 269 Fed. Appx. 200, 201 (3d Cir. 2008) (quoting Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has

4

expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id.; In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538. Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001) (Vanaskie, J.). If a petitioner improperly challenges a federal conviction or sentence under 28 U.S.C. § 2241, the petition must be dismissed for lack of jurisdiction. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, Petitioner's claims must be raised under 28 U.S.C. § 2255. See Wallace v. Bledsoe, 2011 U.S. Dist. LEXIS 18799 (M.D. Pa. 2011) (Jones, J.) (finding that the petitioner's claim that a prior conviction was improperly used to enhance his sentence must be brought by way of section 2255). Because section 2255 is an adequate and effective remedy,[3] Petitioner may not proceed through a section 2241 petition. See Littles v. United States, 142 Fed. Appx. 103 (3d Cir. 2005) (affirming the dismissal of the petitioner's section 2241 petition for lack of jurisdiction because 28 U.S.C. § 2255 was not inadequate or ineffective to test the petitioner's claim that one of his previous convictions should not have been used to enhance his sentence);

---

[3]Although the Third Circuit Court of Appeals previously denied Petitioner's application for permission to file a second or successive section 2255 motion, the cases he now relies upon, Carachuri-Rosendo, 130 S.Ct. 2577, and Simmons, 649 F.3d 237, were decided after his application was filed. See In re: Gary Rhines, App. No. 10-2438. Consequently, Petitioner can file another motion in the Court of Appeals for leave to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3). Moreover, merely because Petitioner cannot meet the stringent gatekeeping requirements of section 2255 does not make the remedy under 28 U.S.C. § 2255 inadequate or ineffective. See Pinet v. Zickefoose, 405 Fed. Appx. 641, 642 (3d Cir. 2010) (affirming the District Court's decision that section 2255 was not inadequate or ineffective so as to permit the petitioner to proceed under section 2241 even though the Court of Appeals had denied two applications for leave to file a second or successive section 2255 motion).

Pryce v. Scism, 2011 U.S. Dist. LEXIS 1171, *11 (M.D. Pa. 2011) (Jones, J.) (concluding that section 2255, not section 2241, is the appropriate section to address Pryce's claim, that he is actually innocent of being a career criminal because his prior state convictions should not have been considered to enhance his current federal sentence, and explaining that innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by section 2255 would be inadequate or ineffective). As Petitioner did not obtain permission from the Third Circuit Court of Appeals to file a second or successive section 2255 motion, the instant petition will be dismissed for lack of jurisdiction. See Everett v. Recktenwald, 2013 U.S. Dist. LEXIS 21565 (M.D. Pa. 2013) (Conner, J.) (dismissing, for lack of jurisdiction, the section 2241 petition, wherein Everett claims that 28 U.S.C. § 2255 provides an inadequate or ineffective remedy to test the legality of his detention based on the substantive change in law by Carachuri-Rosendo, 130 S.Ct. 2577, and Simmons, 649 F.3d 237, because Everett did not obtain permission to file a second or successive section 2255 motion).

A separate Order will be issued.

Date: October 10, 2013

**United States District Judge**